Citation Nr: 1719240 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-29 529 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to a rating in excess of 20 percent for service-connected degenerative arthritis of the thoracic spine, status post-injury, since December 24, 2014.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


ATTORNEY FOR THE BOARD

R. Ballard Jr., Associate Counsel






INTRODUCTION

The Veteran served on active duty from December 1962 to October 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia, which denied an increased rating in excess of 20 percent for service-connected degenerative arthritis of the thoracic spine, status post-injury. 

The Board remanded the case in September 2014 and October 2015. In a January 2015 rating decision, the RO awarded separate evaluations of 20 percent for both radiculopathy of the left lower extremity and 20 percent for radiculopathy of the right lower extremity, each effective from December 24, 2014. The Veteran did not express disagreement with the additional disability ratings nor their effective dates, and these matters are not currently before the Board. In September 2016, the Board denied an increased rating in excess of 20 percent for the service-connected back disability prior to December 24, 2014, and remanded for further development the issue of whether the Veteran was entitled to an increased rating in excess of 20 percent since December 24, 2014. The remanded issue has now been returned to the Board for further appellate proceedings.

This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. A review of the Virtual VA paperless claims processing system reveals additional VA treatment records that have also been reviewed and considered.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.




REMAND

With respect the Veteran's increased rating claim for degenerative arthritis of the thoracic spine; the Board must reconsider this issue in light of Correia v. McDonald, 28 Vet. App. 158 (2016). Correia provides a precedential finding that the final sentence of 38 C.F.R. § 4.59 (2016) requires that VA examinations include joint testing for pain on both active and passive motion and in weight-bearing and nonweight-bearing. Id. 28 Vet. App. 158. 

In this case, the findings of the Veteran's service-connected degenerative arthritis of the thoracic spine documented in the most recent VA examination dated in December 2016 do not meet the specifications of Correia. Id. Specifically, the examiner did not address whether the range of motion testing was conducted on active or passive motion and weight-bearing or nonweight-bearing. Given this, the examination is inadequate. Therefore, further examination is necessary prior to adjudicating the claim.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to determine the manifestations and current level of severity of his service-connected degenerative arthritis of the thoracic spine in accordance with the current disability questionnaire. The electronic claims file must be made available to and reviewed by the examiner in conjunction with the examination. The examiner must record all pertinent medical complaints, symptoms, and clinical findings in detail. With respect to range of motion testing, this information must be derived from joint testing for pain on both active and passive motion and in weight-bearing and nonweight-bearing, including the results following repetitive motion testing and whether there is any functional loss, consistent with 38 C.F.R. § 4.59 as interpreted in Correia. Id. 28 Vet. App. 158. The examination report must confirm that all such testing has been made and reflect the results of the testing. If the testing cannot be conducted, the examiner must explain why. Failure to do so will result in an examination report being found inadequate.

The examiner must provide an explanation for any opinions expressed. The examiner must provide a complete rationale, based on examination findings, historical records, and medical principles, for all opinions expressed.

 2. Upon completion of the foregoing, readjudicate the Veteran's claim of entitlement to an increased disability rating for service-connected degenerative arthritis of the thoracic spine based on a review of the entire evidentiary record. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and the opportunity to respond thereto. Thereafter, subject to current appellate procedure, the case should be returned to the Board for further consideration, if in order. 


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
E. I. VELEZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).